[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 15.]

LAKE COUNTY BOARD OF MENTAL RETARDATION & DEVELOPMENTAL DISABILITIES ET AL., APPELLEES, *v*. PROFESSIONAL ASSOCIATION FOR THE TEACHING OF THE MENTALLY RETARDED ET AL., APPELLANTS.

[Cite as *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded*, 1994-Ohio-87.]

*Courts—Arbitration—Common pleas court does not have authority under R.C. 2711.11(C) to review and modify opinion accompanying arbitration award, when.*

A court of common pleas does not have authority under R.C. 2711.11(C) to review and modify the opinion accompanying an arbitration award when the award itself is not appealed from or alleged to be unlawful.

(No. 93-1670—Submitted September 20, 1994—Decided November 23, 1994.)

APPEAL from the Court of Appeals for Lake County, No. 92-L-128.

————————————

{¶ 1} Appellee, Lake County Board of Mental Retardation and Developmental Disabilities ("board"), operates an adult residence center for the rehabilitation of the mentally retarded and developmentally disabled. Appellant, Professional Association for the Teaching of the Mentally Retarded ("association"), is the union which represents the board's employees. The board is a "public employer" as defined in R.C. 4117.01(B), and is, therefore, subject to the provisions of the Public Employees Collective Bargaining Act, R.C. 4117.01 *et. seq.* Pursuant to R.C. Chapter 4117, the board is required to bargain with the association over the terms and conditions of employment. Under this mandate, the board negotiated a collective bargaining agreement which provides that all grievances must be submitted to binding arbitration.

**{¶ 2}** This case arose during the arbitration of an otherwise unrelated grievance between the board and the association. In that grievance, the association claimed that a particular client at the adult residence center was creating an unsafe condition and requested that additional staff be assigned to the client. The association alleged over fifty incidents which involved the patient. The board wanted verification of the number of incidents which had occurred in order to determine whether the association's complaint was justified and a resolution of the grievance was possible.

**{¶ 3}** While the grievance hearing continued, the association gathered documentation from members of the bargaining unit to show incidents involving the client in question. These documents, which contained confidential client information, were submitted for consideration. Thereafter, the matter was settled.

**{¶ 4}** Following the settlement, the board demanded the documents. The association refused the board's order. Paul R. Hecker, the association representative who had presented the records, was disciplined for insubordination for failing to surrender the records and for allegedly violating certain state and federal laws as well as board policy which require that the files of the board's clients be accorded strict confidentiality. He received a suspension from work.

**{¶ 5}** As a result of this discipline, Hecker filed a grievance that proceeded to arbitration. This grievance is the basis of this case. In his award, the arbitrator reversed the suspension and directed that Hecker be made whole for his losses in wages and benefits and that all records of the suspension be removed from his file. In his opinion accompanying the award, the arbitrator determined that association members needed access to what would otherwise be confidential information in order to process grievances. The arbitrator also found that Hecker was not bound to obey the board member who demanded the documents.

**{¶ 6}** Pursuant to R.C. 2711.11, the board filed a motion with the Court of Common Pleas of Lake County seeking to modify the opinion supporting the award

2

and a complaint for declaratory judgment. Specifically, the board sought to modify that portion of the arbitrator's opinion which allowed association members access to confidential information in order to process grievances.

{¶ 7} The common pleas court determined that the arbitrator's finding was contrary to state and federal confidentiality laws. Accordingly, the court modified the opinion to eliminate this finding. The court did not disturb the actual award. Declaratory judgment was also granted in the board's favor.

{¶ 8} The court of appeals affirmed, ruling that it was permissible to modify the opinion of an arbitration award, without modifying the actual award itself. The court also affirmed the declaratory judgment.[1]

{¶ 9} This matter is now before this court upon an allowance of a motion to certify the record.

———————————

*Duvin, Cahn, Barnard & Messerman*, *Kenneth B. Stark*, *Robert M. Wolff* and *Mark A. Duvin*; and *Robert J. Pietrykowski*, for appellees.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald G. Macala* and *Anthony M. DioGuardi II*, for appellants.

———————————

**FRANCIS E. SWEENEY, Sr., J.**

{¶ 10} The issue before us is whether the court of common pleas has the authority under R.C. 2711.11 to review and modify the underlying rationale supporting an arbitration award, even though the award itself was not appealed or alleged to be unlawful. For the following reasons, we answer in the negative and reverse the judgment of the court of appeals.

{¶ 11} Arbitration has long been the preferred means of resolving disputes between labor and management. We have consistently emphasized that """[i]t is

———————————

1. The ruling on the declaratory judgment was not appealed. Therefore, we express no opinion as to its merits.

3

the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.'"" *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186, 189, citing *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 98, 488 N.E.2d 872, 875.

{¶ 12} In order to uphold the strong public policy favoring private settlement of grievances, the General Assembly has limited the role of judicial review. R.C. Chapter 2711 describes the circumstances under which the common pleas court may vacate (R.C. 2711.10) or modify (R.C. 2711.11) an arbitration award. See *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 16 OBR 238, 475 N.E.2d 181.

{¶ 13} In seeking to modify the arbitrator's opinion, the board relies on R.C. 2711.11(C). The board contends that the arbitrator went beyond his mandate and interpreted the collective bargaining agreement to require the disclosure of confidential client documents in order to process grievances. The board argues that a common pleas court may modify this award because it violates public policy and express state and federal rights guaranteed to the board's clients. The board relies on *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632, *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, and *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn.* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, for this proposition. While this contention may be true, the fallacy of the board's argument comes from its interpretation of the word "award."

{¶ 14} The issue before the arbitrator was whether Hecker's actions were subject to discipline. The arbitrator concluded, based upon his interpretation of the parties' agreement, that they were not. In his award, the arbitrator reversed the suspension and directed that Hecker be made whole for his losses and that all

records of the suspension be removed from his file. The board does not seek reinstatement of the discipline imposed against Hecker, *i.e.*, the award. Instead, the board challenges the arbitrator's reasoning which he stated to justify his award. R.C. 2711.11 does not provide the statutory authority for such a challenge.

{¶ 15} R.C. 2711.11 provides as follows:

"In any of the following cases, the court of common pleas in the county wherein an *award* was made in an arbitration proceeding shall make an order modifying or correcting an *award* upon the application of any party to the arbitration if:

"* * *

"(C) The *award* is imperfect in matter of form not affecting the merits of the controversy.

"The order shall modify and correct the *award*, so as to effect the intent thereof and promote justice between the parties." (Emphasis added.)

{¶ 16} By its very terms, the statute allows the court of common pleas to modify or correct an *award* that is unlawful, but does not provide a statutory basis for modifying the arbitrator's opinion alone, where the award is not even appealed from or alleged to be unlawful.

{¶ 17} Our interpretation of the statute is consistent with our previous holding that, if an award is not unlawful, a reviewing court can make no further inquiry into the substantive merits of the arbitrator's decision. *Findlay*, *supra*, at 132, 551 N.E.2d at 189. Although *Findlay* dealt with reviewing a court's authority under R.C. 2711.10, its reasoning applies with equal force here. The premise of *Findlay* is that an arbitrator's award which draws its essence from the collective bargaining agreement and which is not unlawful, arbitrary or capricious will be upheld. This is so because, in the absence of such restrictions, the integrity and purposes of the arbitration system of dispute resolution would be seriously undermined. *Findlay*, *supra*.

**{¶ 18}** Thus, since R.C. Chapter 2711 allows only a limited appeal of an award, the court of common pleas had no basis under R.C. 2711.11 to review and clarify the reasoning behind it. Accordingly, we hold a court of common pleas does not have authority under R.C. 2711.11(C) to review and modify the opinion accompanying an arbitration award when the award itself is not appealed from or alleged to be unlawful. The judgment of the court of appeals is reversed.

*Judgment reversed.*

A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

WRIGHT, J., concurs separately.

MOYER, C.J., dissents.

––––––––––––––––––

**WRIGHT, J., concurring.**

**{¶ 19}** The majority quite properly reverses the judgment of the court of appeals concerning the trial court's improper modification of the underlying rationale of the arbitration award. However, I would not rely on the majority's narrow interpretation of the word "award" found in R.C. 2711.11. I believe that the board has not succeeded in its attempt to have the arbitration opinion corrected, because the board sought to *modify* the arbitration opinion under R.C. 2711.11 instead of seeking to *vacate* the arbitration award under R.C. 2711.10.

**{¶ 20}** It is well settled in Ohio that a reviewing court may *vacate* an arbitration award that is contrary to the law. R.C. 2711.10 provides:

"*** the court of common pleas shall make an order *vacating* the award upon the application of any party to the arbitration if:

"***

"(D) The arbitrators exceeded their powers ***."

**{¶ 21}** This court has determined that an arbitrator exceeds his or her powers, thus justifying a reviewing court to vacate the arbitration award, when an arbitration award violates the law. See *Universal Underwriters Ins. Co. v. Shuff*

(1981), 67 Ohio St.2d 172, 174, 21 O.O.3d 108, 109, 423 N.E.2d 417, 418; *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of syllabus; *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186; *Findlay Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186.

{¶ 22} This court has concluded that R.C. 2711.11 provides the exclusive circumstances under which a reviewing court may modify an arbitration award. See *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 227, 480 N.E.2d 456, 459. Unlike R.C. 2711.10, R.C. 2711.11 does not allow a reviewing court to *modify* an arbitration award for the reason that the award violates the law. R.C. 2711.11(C), which is the specific statutory subsection at issue in this case, authorizes a reviewing court to modify an arbitration award if "[t]he award is imperfect in matter of form not affecting the merits of the controversy." This language makes it clear that a reviewing court may modify only the form of an arbitration award; a court may not review the merits or modify the substance of an arbitration decision, even if the decision contains errors of law.

{¶ 23} In this case, the trial court improperly reviewed the merits of and modified the substance of the arbitration opinion. If the board had sought to *vacate* the arbitration award because the award violated state and federal confidentiality laws, which is not the case here, the trial court properly could have *vacated* the award pursuant to R.C. 2711.10. However, the trial court had no authority under R.C. 2711.11 to *modify* either the arbitration award or its reasoning, even if the arbitrator's opinion violated the law. Therefore, the court of appeals erred in affirming the judgment of the trial court.

{¶ 24} For the foregoing reasons, I concur.

———————————