**AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, Ohio Council 8, Local 3536, Appellant,**

v.

**CLERMONT COUNTY DEPARTMENT OF HUMAN SERVICES, Appellee.**

[Cite as *Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, Local 3536 v. Clermont Cty. Dept. of Human Serv.* (1996), 112 Ohio App.3d 401.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

CA96–02–018.

Decided July 8, 1996.

*Andrew J. Love,* for appellant.

*Donald W. White,* Clermont County Prosecuting Attorney, *Elizabeth Mason* and *Mary Lynn Birck,* Assistant Prosecuting Attorneys, for appellee.

WILLIAM W. YOUNG, Judge.

Appellant, the American Federation of State, County & Municipal Employees, Ohio Council 8, Local 3536 (the "Union"), appeals the Clermont County Court of Common Pleas' decision vacating an arbitration award against appellee, the

Clermont County Department of Human Services. The Union complains under a single assignment of error that the arbitrator did not exceed his authority and that the lower court's decision to vacate the arbitrator's award amounted to an abuse of discretion.

The Clermont County Department of Human Services (the "Department") and the Union were parties to a collective bargaining agreement. In early 1993, as part of a reorganization scheme, the Department planned to abolish four "Family Service Aide 2" positions and to replace them with two new "Social Service Aide 2" positions. The employees in the Family Service Aide 2 positions were members of the bargaining unit covered under the collective bargaining agreement. Pursuant to the collective bargaining agreement, the Department posted a notice of the new positions on January 26, 1993. The Department also apparently advertised the new positions to individuals outside the bargaining unit.

Fifty-five people applied for the jobs, including three of the four Family Service Aides. Sandra K. Mitchell, an administrative officer at the Department, interviewed the three Family Service Aides and seven nonbargaining-unit applicants. There is apparently no dispute that the applicants chosen for interviews met the minimum requirements necessary for the new Social Service Aide positions.

The Department Director, Stephen G. Brooks, recommended the appointment of two of the three Family Service Aide applicants to the new positions. County Administrator A. Steven Wharton apparently learned, however, that Mitchell favored two nonbargaining-unit applicants. The board of county commissioners eventually appointed the two nonbargaining-unit applicants that Mitchell recommended.

On March 31, 1993, the three Family Service Aides who had not been chosen for the new positions filed a grievance against the Department. The grievants charged "that the employer is in violation of Article XXII Job Posting/Promotions, Sections 4 and 12 of the current contract." The grievance proceeded to arbitration in accordance with procedures set forth in Article VII of the collective bargaining agreement.

On April 11, 1994, the arbitrator issued an award in favor of the Union. The arbitrator concluded that the Department had violated Sections 4 and 12 of the collective bargaining agreement by hiring outside applicants instead of qualified bargaining unit members. The arbitrator ordered that two of the three grievants be appointed as Social Service Aides with reimbursement for lost wages and benefits.

The Department filed a motion to vacate the arbitrator's award in the Clermont County Court of Common Pleas. After considering the issue, the lower

court concluded that the arbitrator's award "conflicts with the express terms of the agreement, and the award is without rational support and cannot be rationally derived from the terms of the agreement."

On appeal, the Union complains that the arbitrator reasonably interpreted Article XXII in arriving at his award. The Union argues, therefore, that the arbitrator did not exceed his authority and that the common pleas court abused its discretion in vacating the award.

R.C. 2711.10(D) provides that the court of common pleas must vacate an arbitrator's award at the request of any party if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." An arbitrator's powers are established by the agreement from which the arbitrator draws his or her authority, and the arbitrator has no authority to decide issues which the parties did not submit to review. *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St.3d 165, 551 N.E.2d 955, paragraph one of the syllabus.

In the labor relations context, a reviewing court will not vacate an arbitrator's award so long as the award " 'draws its essence from the collective bargaining agreement.' " *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403, 406, 588 N.E.2d 802, 805, quoting *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428. An award departs from the essence of a collective bargaining agreement when it conflicts with the express terms of the agreement, lacks rational support or cannot be rationally derived from the terms of the agreement. *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, syllabus. " 'The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions.' " *Id.* at 180, 572 N.E.2d at 74, quoting *Detroit Coil Co. v. Internatl. Assn. of Machinists & Aerospace Workers, Lodge No. 82* (C.A.6, 1979), 594 F.2d 575, 579.

Article VII of the parties' agreement describes the arbitrator's jurisdiction as follows:

"In the event a grievance goes to arbitration, the arbitrator shall have jurisdiction only over disputes arising out of grievances as to the interpretation and/or application of the provisions of this Agreement * * *, and/or compliance with the provisions of this Agreement, and in reaching his decision, the arbitrator shall have no authority to add to, subtract from or modify in any way any of the provisions of this Agreement."

Under Article XXII, Section 5, the agreement provides that in any arbitration proceeding, the Union bears the burden "to show by clear and convincing evidence that the Employer's decision was [made] for arbitrary or capricious reasons."

The parties agreed to the following written statement of the issue the arbitrator was to decide:

"Did the County violate Article XXII, Sections 4 and 12 of the labor agreement when outside applicants were hired as Social Service Aide 2's rather than bargaining unit employees who had likewise applied for these positions, and if so, what is the proper remedy?"

Article XXII, entitled "Job Posting/Promotions," provides:

"*Section 1.* When a vacancy occurs, the Employer shall post for five (5) calendar days a notice of the opening * * *. The Employer shall provide a copy of this posting to the Local Union President and the date the Employer expects to fill the position.

"*Section 2.* Employees who wish to be considered for the posted job must file written application with the Employer by the end of the posting period.

" * * *

"*Section 4.* The applications timely filed will be reviewed by the Employer. The Employer shall make the selection for bargaining unit positions on the basis of skill, experience, education and training, performance and the ability to perform the work in question. If, in the judgment of the Employer, the skill, experience, education and training, performance, and ability to perform the work of two (2) or more applicants are equal, seniority shall govern, subject to the grievance and arbitration provision of Section 5 of this Article. The Employer shall post a notice of the person selected after the position has been filled.

" * * *

"*Section 12.* Provided the Employer complies with the posting provisions of this Article, and has, in good faith, considered qualified bargaining unit members who have applied for a position, the employer shall have the right to fill any bargaining unit position with a person or persons from outside the bargaining unit."

In addressing the issue before him, the arbitrator first looked at Section 4 in conjunction with Sections 1 and 2. He concluded that the reference to posting in Section 1 was "internal" and referred only to notice to bargaining unit members. The arbitrator believed, in light of Sections 1 and 2, that the reference to "applications" in Section 4 applied only to applications filed by bargaining unit members. The arbitrator then found, in effect, that the Department violated the

posting provisions in Section 1 by advertising the new positions to individuals outside the bargaining unit. The arbitrator concluded that the collective bargaining agreement required the Department to fill any vacancies with qualified applicants from the bargaining unit before it could consider outside applicants.[1] Finally, the arbitrator considered Section 12. He concluded that "[t]o pass over inside applicants who qualify according to the five traits listed in Section 4 certainly cannot be good faith consideration under Article XXII in its entirety."

The Clermont County Common Pleas Court rejected the arbitrator's conclusion that the parties' agreement prevented the Department from considering outside applications unless it first determined that no bargaining unit applicant met the minimum qualifications for any vacant position. We agree with the lower court that the arbitrator exceeded his authority in interpreting the parties' bargaining agreement.

The parties' collective bargaining agreement does not preclude the Department from advertising any job vacancy to persons outside the bargaining unit unless it first determines that no applicants from within the bargaining unit are qualified. The arbitrator, however, effectively engrafted such a requirement onto the parties' agreement.

The arbitrator's interpretation of Section 4 conflicts with the express terms of Section 12. Section 12 clearly provides that the Department may hire persons from outside the bargaining unit if it has considered in good faith "qualified bargaining unit members who have applied for a position * * *." Although the first sentence of Section 4 may refer only to applications from bargaining unit members, it does not follow that the Department is necessarily precluded from considering applications filed by others. In fact, the good-faith provision in Section 12 would be superfluous if the Department had no alternative but to hire minimally qualified employees before it could consider outside applications.

The arbitrator acted outside the scope of his authority by effectively engrafting a requirement onto the parties' collective bargaining agreement that the Department could not consider outside applications for vacancies before determining whether bargaining unit applicants met the minimum requirements for the position. The Union's single assignment of error is overruled.

Unfortunately, the original question presented to the arbitrator, whether the Department acted in good faith in bypassing the members of the bargaining unit,

---

1. In support of his interpretation, the arbitrator cited the notice of posting stating that "[a]pplicants currently employed by the Board of Clermont County Commissioners shall be considered before any other applicants." The arbitrator also cited Director Brooks's letter to the commissioners recommending two of the three Family Service Aides who applied for the new positions.

remains unanswered. This court now holds that the Union may resubmit the matter to arbitration within thirty calendar days after this decision has been issued. Arbitration, if desired, will proceed in accordance with Article VII, subdivision M, of the collective bargaining agreement.

*Judgment affirmed.*

WALSH, P.J., and POWELL, J., concur.