OPINION
Plaintiff-appellant, city of Middletown, appeals a Butler County Court of Common Pleas judgment entry which overruled appellant's motion to vacate an arbitration award. The arbitration award ordered appellant to compensate Donald Hardin, a retired Middletown firefighter, for a period of time in which his request for a light-duty assignment was denied. Defendant-appellee, International Association of Firefighters Local #336, represents Hardin's interest in this appeal.
On May 12, 1997, Hardin injured his right shoulder while on duty as a captain with the Middletown Fire Department. Near the end of June 1997, while on injury leave, Hardin requested light duty, to be assigned as a training officer for new firefighters at the Fire Academy. This request was denied by Chief John Sauter. In August 1997, Hardin again requested to be placed in a light-duty position. Hardin requested to be assigned as the fire inspector for the city since he was a certified fire inspector for the state. Chief Sauter again denied the request for a light-duty assignment. Sauter stated that because no light-duty policy was in place, granting the request would have been perceived as providing a "personal favor" for Hardin. Sauter enacted an official light-duty policy in May 1998.
On November 17, 1997, Hardin exhausted his authorized injury leave and the city began deducting hours from his accumulated sick leave and vacation. In July 1998, Hardin was notified that he was eligible for disability retirement. On August 14, 1998, Hardin filed a grievance letter and a letter of resignation with the fire department. The grievance involved the benefits Hardin was paid on termination. The grievance stated that the amount Hardin was paid on termination was substantially less than he would have received if he had been placed on light duty, instead of using sick and vacation leave to remain in pay status. Hardin requested compensation from the date he was taken off injury leave until the date of his retirement.
The grievance proceeded to arbitration and on November 11, 1998, an arbitration proceeding was conducted. Both parties were afforded the opportunity to present testimony and documentary evidence. The parties filed post-arbitration briefs in support of their respective positions. After further attempts at settlement were unsuccessful, the arbitrator issued a decision sustaining the grievance in part and denying it in part. The arbitrator determined that the city should have placed Hardin in a light-duty position once the policy was implemented. The arbitrator found that Hardin was entitled to be compensated for the months of June, July and part of August, when light duty was available, until he retired. Appellant filed a motion to vacate the arbitrator's award with the Butler County Court of Common Pleas. The common pleas court overruled the motion to vacate the arbitration award on February 4, 2000. Appellant appeals the denial of his motion to vacate the arbitration award and posits the following assignment of error:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF PLAINTIFF-APPELLANT, IN DENYING THE MOTION TO VACATE THE ARBITRATION AWARD.
Appellant argues that the trial court erred in denying the motion to vacate because the arbitrator imposed a duty which does not exist in the bargaining agreement between the parties, and because the arbitrator's award ignores the requirements of the light-duty policy as enacted by the city.
The Supreme Court of Ohio has recognized that arbitration has long been the preferred means of resolving disputes between labor and management. Lake Cty. Bd. Of Mental Retardation Dev.Disabilities v. Professional Assn. For the Teaching of MentallyRetarded (1994), 71 Ohio St.3d 15, 17. "[I]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts."Mahoning Cty. Bd. Of Mental Retardation v. Mahoning Cty. TMRAssn. (1986), 22 Ohio St.3d 80, 84, quoting Campbell v. AutomaticDie Prod. Co. (1954), 162 Ohio St. 321, 329.
Appellant contends that the arbitrator exceeded his authority. In accordance with the strong public policy favoring arbitration, the Ohio Revised Code limits judicial review of an arbitration decision. The circumstances under which a common pleas court may vacate or modify an arbitration award are provided in R.C. Chapter 2711. An arbitration award may be vacated by a common pleas court if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." R.C. 2711.10(D).
An arbitrator's award will be upheld if it "draws its essence from the collective bargaining agreement." Queen City Lodge No.69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v.Cincinnati (1992), 63 Ohio St.3d 403, 406, quoting UnitedSteelworkers of America v. Ent. Wheel Car Corp. (1960),363 U.S. 593, 597, 80 S.Ct. 1358, 1361. An arbitrator's award departs from the essence of a collective bargaining agreement when the award conflicts with the express terms of the agreement, lacks rational support, or cannot be rationally derived from the terms of the agreement. Ohio Office of Collective Bargaining v. Ohio Civ.Serv. Employees Assn. (1991), 59 Ohio St.3d 177, syllabus. The arbitrator is confined to the interpretation and application of the collective bargaining agreement. Id. Although he may construe ambiguous language within the agreement, he is without authority to disregard or modify plain and unambiguous provisions.American Fedn. of State, County and Municipal Employees v.Clermont County Department of Human Services (1996), 112 Ohio App.3d 401,404. An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful. Mahoning Cty. Bd. of MentalRetardation v. Mahoning Cty. TMR Edn. Assn.,22 Ohio St.3d at 83-84.
The overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result regardless of its legal or factual accuracy.Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991),76 Ohio App.3d 755; Goodyear Tire Rubber Co. v. Local Union No. 20
(1975), 42 Ohio St.2d 516.
The parties in this case entered into a collective bargaining agreement ("CBA") which provides guidelines when an employee is injured in the performance of his duties. Article 10 of the CBA states:
 A. In addition to sick leave as provided by this agreement an employee shall receive job incurred injury leave as follows:
 In the event an employee is injured on the job, and unable to perform either his regularly assigned duties or those duties which may be assigned to the employee Chief of the Division of Fire, such employee may receive, as injury leave compensation, his regular base pay for the first six (6) consecutive months of time off because of and immediately following the on the job injury.
* * *
 C. An employee who is injured and unable to perform his regularly assigned duties, may be assigned by the Chief of the Division to perform duties not requiring great physical exertion in lieu of receiving injury leave compensation, with the approval of the employee's physician or the employer's physician * * * .
The arbitrator found that the language of the agreement is permissive in that the chief "may" assign light-duty positions. The arbitrator concluded that it was "factually impossible" to honor Hardin's requests for light duty prior to May 1997 because no light-duty policy existed prior to that time. The arbitrator found the chief's concern over perceived favoritism was a legitimate concern.
The arbitrator further found that the chief utilized the policy once it was implemented and that two less senior employees were granted light-duty positions. Remarks from the chief at arbitration indicated to the arbitrator that Hardin would have been placed in a light-duty position if a policy had been in place at the time of his requests. The arbitrator concluded that once the policy was in place, the chief should have considered Hardin for light-duty positions because the concern over a perception of favoritism was removed when the policy was implemented. The arbitrator also noted that none of the evidence from Hardin's physicians would have precluded him from functioning in the assignments he requested. Although appellant argues that Hardin filed an application for disability retirement which included a physician's report that he would be unable to perform full duties as a firefighter, no formal decision had been made on the application at the time the light duty policy was enacted.
Appellant argues that the arbitrator acknowledged the light-duty provision in the CBA is discretionary, but then concluded that by creating a light-duty policy, the city created a contractual right to light duty and made it retroactive. We disagree. The arbitrator found that the mention of light duty in the CBA was discretionary, as the chief "may" allow light duty, but was not required to do so. Once the right to light-duty policy was implemented, the arbitrator did not find that the policy created a right to light duty. Instead, he found that once the light-duty policy was implemented, there must be a sufficient basis for denial of light duty that is neither arbitrary, capricious or unreasonable. The arbitrator found that although the city was not required to offer light duty, once they chose to do so, they must do it in an evenhanded manner. The arbitrator then determined, based on the chief's comments, that if a policy had been in place, Hardin's requests would have been honored at the time of his requests. The arbitrator's decision was based on the evidence, not on a contractual right to light duty.
Appellant also argues that the arbitrator ignored the language of the implemented policy and awarded light duty although Hardin did not qualify. The relevant portions of the light-duty policy state:
 2. It shall be the sole discretion of the chief to determine the availability of light duty work and to assign persons to such. In no instance shall there be more than 3 personnel on light duty at any given time.
 4. Light duty positions shall not be an accommodation for permanent injury or illness. It must be anticipated that the member shall return to full duty, as documented by an attending physician.
Appellant contends that at the time the policy was implemented, Hardin was awaiting a ruling on his disability retirement application and knew he would not be returning to work. The light-duty policy is not part of the CBA, and the arbitrator's decision is not based on the policy. As mentioned above, the arbitrator's decision can be vacated only if it conflicts with the express terms of the collective bargaining agreement, lacks rational support or cannot be rationally derived from the terms of the agreement. Because the arbitrator's decision draws its essence from the CBA, the arbitrator did not exceed his authority.
Appellant further contends that the reasonableness requirement is inconsistent with section 10(C) of the CBA. As mentioned above, the arbitrator found that the city was not required to offer light duty, but once it chose to do so, it must be done in an evenhanded manner. Unlike the cases cited by appellant in support of this argument, a reasonableness requirement does not conflict with the express terms of the CBA.
As the arbitrator's decision does not depart from the essence of the CBA, appellant has not established that the arbitrator exceeded his authority. Appellant's assignment of error is overruled.
POWELL, P.J., and YOUNG, J., concur.