OPINION
{¶ 1} Petitioner-appellant, the City of Alliance, appeals the May 22, 2002, Judgment Entry of the Stark County Court of Common Pleas which denied petitioner-appellant's motion to vacate an arbitration award and confirmed the arbitration award. Respondent-appellee is the Fraternal Order of Police/Ohio Labor Council, Inc.
 STATEMENT OF FACTS AND CASE {¶ 2} This matter began when the City of Alliance's Police Chief ordered that remaining, paid holidays be worked at minimum staffing. The order was made due to budget issues. November 7, 2000, was a general election day and a paid holiday in accordance with the Collective Bargaining Agreement in place between the City of Alliance and the Fraternal Order of Police/Ohio Labor Council, Inc. for the Supervisors Bargaining Unit. Sergeant Douglas Neeb was scheduled to work November 7, 2000. Pursuant to the Police Chief's previous order, Sergeant Neeb was ordered to not work on November 7, 2000. Sergeant Neeb already had two scheduled days off for the work week of November 7, 2000. Therefore, Sergeant Neeb only worked 32 hours that week. The City, however, paid Sergeant Neeb for a 40 hour work week.
 {¶ 3} On October 10, 2000, Sergeant Neeb filed a grievance alleging a violation of Article 16 of the collective bargaining agreement. In the grievance, Sergeant Neeb alleged that he had been "ordered to take a holiday off (Election Day, 11/7/00) in the interest of saving money. This is a regular scheduled day to work. Past practice has been to allow the employee to choose [the] method of compensation for holidays (day off, pay, time coming), not dictated by management. This ordered day off costed me 8 hours `@' time and a 1/2 rate of pay." As a remedy, Sergeant Neeb requested that the Police Department continue to allow an officer to determine the method of compensation for a paid holiday and that he be compensated for any monetary loss resulting from this and any future holidays ordered off.
 {¶ 4} After unsuccessful internal grievance procedures, a binding arbitration was held on May 31, 2001. The arbitrator found that the City of Alliance did not violate the collective bargaining agreement when it ordered Sergeant Neeb to take the day off. However, the arbitrator found that the City violated the agreement when it paid Sergeant Neeb straight-time (or eight hours) for the day. The arbitrator found that since November 7, 2000, was a paid holiday, the Collective Bargaining Agreement entitled Sergeant Neeb to his regular salary plus his "hourly rate x 8."
 {¶ 5} The City of Alliance filed an application for vacation of the arbitration in the Stark County Court of Common Pleas, pursuant to R.C. 2711.01 et seq. The trial court denied the application to vacate and confirmed the arbitrator's award by Judgment Entry filed May 22, 2002. Specifically, the trial court found that: 1) R.C. 2711.10 does not authorize a court to vacate an arbitration award based on public policy violations; 2) The arbitrator did not exceed her powers in making the award. The trial court held that as long as the arbitrator was arguably construing the contract, the reviewing court was obliged to affirm the arbitrator's decision.
 {¶ 6} It is from the May 22, 2002, Judgment Entry that the City of Alliance appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court incorrectly ruled that an arbitrator's award cannot be reversed based on public policy considerations.
 {¶ 8} "II. The trial court incorrectly ruled that the arbitrator had not exceeded her authority as given by the collective bargaining agreement."
 I {¶ 9} In the first assignment of error, appellant asserts that the trial court erred when it held that an arbitrator's award cannot be vacated based upon public policy considerations.[1] This Court, however, finds that the trial court did not err in ruling that R.C. 2711.10
does not authorize a court of common pleas to vacate an arbitration award based upon public policy.
 {¶ 10} The City's application to vacate the arbitration award was filed pursuant to R.C. 2711.01, et seq. Pursuant to R.C. 2711.10, a court of common pleas may vacate an arbitration award upon the application of a party if any of the following apply:
 {¶ 11} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 12} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 13} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 14} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 15} Arbitration is favored under the law. "Arbitration has long been the preferred means of resolving disputes between labor and management. We have consistently emphasized that `[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.'" Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, 131, 551 N.E.2d 186, 189, superceded by statute on other grounds as noted in Cincinnati v. Ohio Council 8, Am. Federation of State, Cty., and Mun. Emp. (1991), 61 Ohio St.3d 658, 576 N.E.2d 745. (citing Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84, 488 N.E.2d 872, 875). "In order to uphold the strong public policy favoring private settlement of grievances, the General Assembly has limited the role of judicial review. R.C. Chapter 2711 describes the circumstances under which the common pleas court may vacate (R.C. 2711.10) . . . an arbitration award." Lake Cty. Bd. of Mental Retardation Dev. Disabilities v. Professional Assn. for Teaching of Mentally Retarded (1994),71 Ohio St.3d 15, 17, 641 N.E.2d 180. A court of common pleas' review of an arbitration award is limited to the concerns listed in R.C. 2711.10. Goodyear Tire Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of America (1975), 42 Ohio St.2d 516,330 N.E.2d 703, paragraph two of the syllabus. If none of the reasons for overturning the award listed in R.C. 2711.10 exist, the court of common pleas must affirm the award. Monroe County Sheriff v. Fraternal Order of Police, Monroe App. No. 869, 2002-Ohio-5246 (citing Warren Edn. Assn. v. Warren City Bd. Of Edn. (1985), 18 Ohio St.3d 170, 174, 480 N.E.2d 456).
 {¶ 16} Revised Code 2711.10 does not authorize or empower a reviewing court to vacate an arbitration award based upon an alleged public policy violation. University Mednet v. Blue Cross Blue Shield of Ohio (1997), 126 Ohio App.3d 219, 710 N.E.2d 279. Therefore, the trial court did not err when it held that an arbitration award could not be vacated based upon public policy considerations.
 {¶ 17} Appellant's first assignment of error is overruled.
 II {¶ 18} In the second assignment of error, the City of Alliance argues that the trial court was incorrect when it ruled that the arbitrator had not exceeded her authority as given by the collective bargaining agreement. We disagree.
 {¶ 19} As noted in assignment of error I, the law favors and encourages arbitration. The Ohio Supreme Court has stated that "every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.'" Board of Educ. of the Findlay City School Dist. v. Findlay Educ. Ass'n [hereinafter Findlay] (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186, (citing Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84, 488 N.E.2d 872, 875).
 {¶ 20} In Findlay, the Ohio Supreme Court presented the following applicable standard for reviewing courts: "Given the presumed validity of an arbitrator's award, . . . [o]nce it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. [2711.10] is at an end." Findlay, supra, at syllabus. "[A]n arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn. Local 11 (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, at syllabus.
 {¶ 21} The City argues that the arbitrator exceeded her authority because the decision and award are against the provisions of the collective bargaining agreement. The City contends that if the City has the authority to schedule an employee off, the City should not be made to pay a premium to that employee. Applying the law to this case, we find that the trial court was correct in finding that the arbitrator did not exceed her powers in making the award. The arbitrator's award drew its essence from the collective bargaining agreement and was not unlawful, arbitrary or capricious.
 {¶ 22} The collective bargaining agreement provides as follows, in pertinent part:
 {¶ 23} "Article 16 — Paid Legal Holidays
 {¶ 24} "Section 2 — Holiday Worked/Off Pay
 {¶ 25} "When a bargaining unit member is required to work on any "Paid Legal Holiday," he shall be paid an amount determined by the following formula:
 {¶ 26} "Hourly Rate x 2.5 (for all hours worked) = Holiday Pay
 {¶ 27} "When a bargaining unit member has a scheduled day off or is off on sick leave, bereavement leave, injury on duty leave, vacation leave, or paid administrative leave, the member shall be paid, in addition to his regular salary, an amount determined by the following formula:[2]
 {¶ 28} "Hourly Rate x 8 = Holiday Pay"
 {¶ 29} The arbitrator found, in relevant part, that although the collective bargaining agreement gives the City of Alliance the right to schedule and reschedule work days for the officers, when the Police Chief ordered Sergeant Neeb to take the paid holiday off, Sergeant Neeb was, in essence, given a scheduled day off. Pursuant to the collective bargaining agreement, if an officer has a scheduled day off that falls on a paid holiday, the officer is to receive his regular salary plus his hourly rate times eight. Such an officer would then be paid his regular pay (40 hours) plus an extra eight hours of pay, for a total of 48 hours. In contrast, had an officer worked eight hours on that paid holiday, the officer would have received his regular pay for the non-holiday days he worked plus double and a half pay for the hours worked on the paid holiday, for a total of 52 hours of pay. See Article 16, Section 2, supra.
 {¶ 30} The arbitrator found that Sergeant Neeb was entitled to what he would have gotten had the paid holiday been a regularly scheduled day off, in other words, his forty hour week plus eight hours for a total of 48 hours of pay for that paid holiday. Therefore, since the City had paid Sergeant Neeb only eight hours straight time for that paid holiday, the arbitrator ordered the City to pay Sergeant Neeb back pay, namely, Sergeant Neeb's hourly rate times eight.
 {¶ 31} It is clear that the arbitrator was construing the contract and that the award draws its essence from the contract. We find that the arbitrator's decision was not in contravention of the terms of the collective bargaining agreement and was not unreasonable, arbitrary, capricious or unlawful. The arbitrator was construing an agreement that, in essence, stated that an officer who does not work a paid holiday, for legitimate reasons, is to be paid for an extra eight hours pay for that paid holiday.
 {¶ 32} The City of Alliance also argues that the arbitrator exceeded her authority by considering an issue not properly before her. The collective bargaining agreement limits the arbitrator's jurisdiction to an interpretation of the terms of the agreement which are applicable to the particular issue presented to the arbitrator. Collective Bargaining Agreement, Section 3(b). The City contends that the only issue before the arbitrator concerned a "past practice." Once the arbitrator ruled in favor of the City on that issue, the City argues that the arbitrator's work was ended. The City concludes that the arbitrator had no authority to consider the issue of a third scheduled day off.
 {¶ 33} However, the grievance filed by Sergeant Neeb claims a violation of Article 16 of the collective bargaining agreement and raises the issue of lost pay as a result of the order not to work. The arbitrator interpreted Article 16 of the collective bargaining agreement to reach her conclusion that Sergeant Neeb was entitled to back pay. Thus, we find that it was within the arbitrator's jurisdiction to consider issues concerning lost pay.
 {¶ 34} In conclusion, we find that the arbitrator did not exceed her authority. Appellant's second assignment of error is overruled.
 {¶ 35} The judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, P.J. and Farmer, J. concurs.
In Re: Arbitration Award.
[1] The City contends that the public policy involved is the City's duty to its residents to be fiscally responsible and that the officer was ordered to take the day off to save taxpayer money.
[2] This section is to be contrasted to the section which states that should an officer fail to report and perform his scheduled or assigned work, that officer becomes ineligible to be paid for the unworked holiday, unless the officer's failure to work is because of sickness, injury or a death in the immediate family. Article 16, Section 5.