[Cite as *Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2011-Ohio-5190.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96771

---

# MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL

### PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-747613

**BEFORE:** E. Gallagher, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEY FOR APPELLANT**

Stewart D. Roll
Climaco, Wilcox, Peca, Tarantino & Garofoli
55 Public Square
Suite 1950
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

George S. Crisci
Jon M. Dileno
Ami J. Patel
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Suite 400
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶ 1} This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} The Municipal Construction Equipment Operators' Labor Council (hereinafter, the "Union") appeals from the decision of the trial court confirming an American Arbitration Association award.  The Union argues that the trial court modified the arbitrator's award without authority to do so.  Finding no merit to this appeal, we affirm the decision of the trial court.

{¶ 3} On September 20, 2010, the arbitrator issued an award finding

in favor of the Union. Specifically, the arbitrator sustained the Union's grievance and ordered that the city of Cleveland ("the City") pay "the Union WPO [water plant operators] lost pay in the amount of $781.92, as a result of its violating Article 46, Paragraph 129" of the collective bargaining agreement. Subsequent to the award, the City made eight attempts to contact the Union in order to identify the three WPO's that were to receive the lost pay award. During each attempt, the Union refused to identify the three employees, arguing instead that the City was required to pay the $781.92 directly to the Union.

{¶ 4} On February 2, 2011, the Union filed a motion to confirm the arbitration award and order the City to pay to the Union $781.92. The City did not oppose this motion and, on March 8, 2011, filed its own motion to confirm the arbitration award. The City asked the court to confirm the award and to order the Union to cooperate with the City in identifying the employees who were entitled to the lost pay award. The Union opposed the City's motion, arguing that by attempting to pay the WPO's, and not the Union, the City was attempting to modify the arbitration award.

{¶ 5} On May 4, 2011, the trial court granted the City's cross-motion to confirm the arbitration award and found:

> "Within 10 days of this order, the Union is to identify for the City which 3 employees are entitled to the back pay ordered by the

arbitrator.   If the Union fails to do so, the City is to use its own method in determining which employees are to be paid.   The City is then to issue checks to these employees in the appropriate amount."

{¶ 6}  The Union appealed, arguing that the trial court erred when it granted the City's cross-motion to confirm the arbitration award.   The Union's assigned error is without merit.

{¶ 7}  "Appellate review of an arbitration award is limited to an evaluation of the confirmation order of the court of common pleas." *Cleveland v. Cleveland Police Patrolmen's Assn.*, Cuyahoga App. No. 91486, 2009-Ohio-1087; *Williams v. Colejon Mechanical Corp.* (Nov. 22, 1995), Cuyhaoga App. No. 68819.   "Overturning an arbitration award on appeal is more difficult than an ordinary appeal from a judgment in the court of law." *Olah v. Ganley Chevrolet, Inc.*, Cuyahoga App. No. 86312, 2006-Ohio-694. Our review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard.   *Brookdale Senior Living v. Johnson-Wylie*, Cuyahoga App. No. 95129, 2011-Ohio-1243.

{¶ 8}  R.C. Chapter 2711 provides a statutory procedure authorizing a limited and narrow judicial review of the award.   *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professional Assn. for the Teaching of the Mentally Retarded* (1994), 71 Ohio St.3d 15, 641 N.E.2d 180.   It also sets forth specific statutory procedures to vacate, modify, correct, or confirm an

arbitration award. Id. R.C. 2711.09 provides as follows: "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 [ (motion to vacate) ] and 2711.11 [ (motion to modify) ] of the Revised Code."

{¶ 9} In the present case, both parties filed motions to confirm the arbitration award; neither party moved the court to modify or vacate the award. Additionally, both parties' briefs attempt to mischaracterize the language of the arbitration award in a manner supporting their respective arguments. However, the record before this court is clear, the arbitrator ordered the City to "pay the Union WPO [water plant operators] lost pay in the amount of $781.92." While the Union quotes only the following: "pay the Union," in support of its claim that the City has to pay only the Union, such interpretation of the facts is not supported by the record.

{¶ 10} The arbitrator's opinion is clear, the award of $781.92 was made to compensate the three WPO's who were aggrieved by the City's violation of the parties' collective bargaining agreement. As such, it was the individual union members, not the Union as a whole, that were owed the $781.92. The

trial court reviewed the record and after agreeing with the City, confirmed the award. We find that the trial court did not modify the arbitration award and any arguments proffered by the Union alleging such are erroneous. See *Warren Educ. Assn. v. Warren City Bd. of Educ.* (1985), 18 Ohio St.3d 170, 480 N.E.2d 456.

{¶ 11} The Union's sole assignment of error is overruled.

{¶ 12} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

## Appendix

**Assignments of Error:**

"**I. The trial court erred in its May 4, 2011 journal entry granting defendant/appellee's cross-motion to confirm an arbitral award, tacitly denying plaintiff/appellant's motion to confirm that same award. That error included the trial court's failure to: (a) recognize that defendant/appellee's cross-motion sought modification or correction not confirmation of the award, and that the jurisdictional time limit for seeking that modification or correction had expired, (b) acknowledge that defendant/appellee's proposed modification or correction is contrary to the express terms of the arbitral award and, (c) accept that R.C. 2711.09 mandates issuance of an order confirming the arbitral award unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code, and that defendant/appellee failed to timely move this court to vacate, modify or correct the award within the ninety day period of time identified in R.C. 2711.13.**"