MAHONING COUNTY BOARD OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES, APPELLEE, *v.* MAHONING COUNTY
TMR EDUCATION ASSOCIATION, APPELLANT.

[Cite as Mahoning Cty. Bd. of Mental Retardation *v.* Mahoning
Cty. TMR Edn. Assn. (1986), 22 Ohio St. 3d 80.]

(No. 85-855—Decided February 5, 1986.)

81

*Henderson, Covington, Stein, Donchess & Messenger, James L. Messenger* and *Christopher J. Newman,* for appellee.

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., Dennis Haines* and *Barry Laine,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Robert T. Baker* and *Kimball H. Carey,* urging affirmance for *amicus curiae,* Ohio School Boards Association.

DOUGLAS, J. The issue in this case is whether the arbitrator exceeded his authority by ordering the board to grant Bagnoli's transfer request.

Arbitration occurs when disputing parties contractually agree to resolve their conflict by submitting it to a neutral third party for resolution. It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets. The whole purpose of arbitration would

be undermined if courts had broad authority to vacate an arbitrator's award. Thus, this court has stated, "[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329 [55 O.O. 195]. Indeed, this court has held that "[a] mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from a collective bargaining agreement." *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516 [71 O.O.2d 509], paragraph one of the syllabus. An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.

In the case at bar, the arbitrator simply put the parties in the position they would have been in had the board not breached Sections 5.09(d) and 5.10 of the collective bargaining agreement. Thus, the award rationally flows from the terms of the agreement, and it is neither arbitrary nor capricious. To deny credence and efficacy to these sections of the agreement would be, in effect, writing them out of the collectively bargained contract of the parties. A contrary holding would mean that in almost every case, the party that was disappointed by the arbitrator's award would be able to obtain sweeping judicial review by pointing to the familiar boilerplate language of barring the arbitrator from "adding to or subtracting from the agreement." As this court stated in *Goodyear* v. *Local Union No. 200, supra,* at 520, "* * * [t]his would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements."

The board argues, and the court of appeals decided, that collective bargaining agreements are not as binding upon public employers as they are upon private employers. It is time to put an end to that notion and categorically reject the argument. Today's decision gives notice that negotiated collective bargaining agreements are just as binding upon public employers as they are upon private employers. *Warren Edn. Assn.* v. *Warren City Bd. of Edn.* (1985), 18 Ohio St. 3d 170, 175. Courts should not allow public employers to disregard the terms of their collective bargaining agreements whenever they find it convenient to do so. On the contrary, the courts will require public employers to honor their contractual obligations to their employees just as the courts require employees to honor their contractual obligations to their employers.

For all the foregoing reasons, the judgment of the court of appeals is reversed and the arbitrator's award is reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment only.

HOLMES, J., concurs in judgment only.