**Office of Collective Bargaining v. AFSCME
Case No. 89AP414
Franklin County, (10th)
Decided January 4, 1990**
[Cite as 1 AOA 386]

*Mr. Anthony J. Celebrezze, Jr., Attorney General, Mr. Gregg H. Bachmann and Ms. Cheryl p. Minsterman, for appellee.*

*Mr. Daniel S. Smith and Ms. Linda K. Fiely, for appellant.*

BRYANT, J.

Defendant-appellant, Ohio Civil Service Employees Association, Local 11, AFSCME, appeals from a judgment of the court of common pleas vacating an arbitration award.

The parties' dispute arose out of an incident that occurred at the Northwest Ohio Development Center, a facility operated by the Ohio Department of Mental Retardation and Developmental Disabilities. On September 7, 1986, a hospital aide was involved in an alleged altercation with a mentally retarded resident of the facility. As a result of the incident, the development center discharged the employee. The employee and the defendant union filed a grievance with the employer, challenging the discharge. The grievance came before an arbitrator pursuant to the parties' collective bargaining agreement.

In his opinion, dated March 11, 1988, the arbitrator found that the employee abused the resident. Although the parties' agreement stated that an arbitrator could not modify a termination in cases in which the arbitrator had found patient abuse, the arbitrator in the present case ruled that the contract's "just cause" provision applied to every discharge. The arbitrator further found that the employer did not have just cause for the employee's discharge in the present case because the employer had not adequately informed the employee of the reasons for the contemplated discipline. The arbitrator's award sustained the grievance in part, ordering the grievant reinstated, but without back pay "to evidence the seriousness of the totality of the Grievant's conduct."

Plaintiff, the Ohio Office of Collective Bargaining, subsequently filed suit in common pleas court to vacate the award. The court vacated the award on March 30, 1989, after which defendant appealed, assigning the following three errors:

"I. The court of common pleas erred in vacating the arbitrator's award on the basis that the arbitrator exceeded his authority based on the court's interpretation of the parties' collective bargaining agreement.
"II. The court of common pleas erred in vacating the arbitrator's award on the basis that the arbitrator exceeded his authority when the arbitrator's award did not go beyond the stipulated issue presented by the parties to the arbitrator for award.
"III. The court of common pleas violated fundamental notions of due process in vacating the arbitrator's award."

In its first assignment of error, defendant argues that the trial court erred when it found that the arbitrator exceeded his authority under the collective bargaining agreement.

We note initially that "courts play only a limited role when asked to review the decision of an arbitrator." *United Paperworkers Intl. Union* v. *Misco, Inc.* (1987), 98 L. ed. 2d 286, 298.

Extensive judicial review of an arbitrator's decision "would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 520, certiorari denied (1975), 423 U.S. 986. Consequently, an Ohio court cannot vacate an arbitrator's decision except on ground of "fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." *Goodyear, supra,* at paragraph two of the syllabus. See, also, R.C. 2711.10

In that regard, the Ohio Supreme Court has stated that an arbitrator exceeds his authority only if the award does not draw "its essence from the collective bargaining agreement." *United Steelworkers* v. *Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 597, quoted in *Goodyear, supra,* at 520.

In addition, the court has stated that "[a]n arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *Mahoning Cty. Bd. of Mental Retardation* v. *Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St. 3d 80, paragraph one of the syllabus. The United States Supreme Court has also currently commented on the "essence" test for an arbitrator's authority, stating:

"*** The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract. ***" *Misco, supra,* at 229.

In the present case, plaintiff argues that

the arbitrator exceeded his authority by ignoring the plain language of the contract's "abuse" provision. Section 24.01 of the contract states:

> "Disciplinary action shall not be imposed upon an employee except for just cause. The Employer has the burden of proof to establish just cause for any disciplinary action. *In cases involving termination, if the arbitrator finds that there has been an abuse of a patient or another in the care or custody of the State of Ohio, the arbitrator does not have authority to modify the termination of an employee committing such abuse."* (Emphasis added.)

The parties each cite a federal case interpreting similar contract provisions. Defendant cites *Super Tire Engineering Co.* v. *Teamsters Local Union No. 676* (C.A.3, 1983), 721 F. 2d 121, certiorari denied (1984), 469 U.S. 817, in which the court considered an agreement that stated, like the contract in the present case, "[n]o employee may be discharged or suspended without just cause." *Id.* at 124. The contract also specified seven grounds for "immediate dismissal." *Id.* at 122. The court upheld the arbitrator's interpretation of the contract as requiring the employer to meet "the mix of factors that make up just cause" even if one of the grounds for immediate dismissal had occurred. *Id.* at 125. The court concluded that "the contract [did] not equate the enumerated causes for immediate dismissal with 'just cause' for dismissal." *Id.* at 124. However, the court noted that it made its decision "[i]n the absence of an unambiguous provision in the agreement mandating dismissal or removing an arbitrator's review function." *Id.* at 125. Since, in the present case, the contracts contains a provision limiting the arbitrator's review function in patient abuse cases, we find *Super Tire* inapplicable.

Plaintiff cites *S.D. Warren Co.* v. *United Paperworkers' Intl. Union* (C.A.1, 1988), 845 F. 2d 3, certiorari denied (1988), 102 L. Ed. 2d 582 (*"Warren I"*), and *S.D. Warren Co.* v. *United Paperworkers' Intl. Union* (C.A.1, 1988), 846 F. 2d 287, certiorari denied (1988), 102, L. Ed. 2d 582 (*"Warren II"*). These cases involved an agreement providing that an arbitrator could not modify a discharge based upon "proper cause." The parties also agreed that possession of "intoxicants, marijuana, narcotics, or other drugs" would be proper cause for discharge

under the contract. *Warren II, supra.* Because of these provisions, the United States Court of Appeals for the First Circuit held that an arbitrator could not modify a discharge for violation of the drug provision without the arbitrator exceeding his authority.

Although the contract in the present case does not explicitly equate a finding of abuse with "just cause" or "proper cause," we find the holdings of *Warren I* and *Warren II* persuasive, especially in light of the *Misco* court's statement that an arbitrator "may not ignore the plain language of the contract." *Misco, supra,* at 299. The "abuse" provision of the contract at issue here unambiguously prohibits an arbitrator from modifying an employee's termination if the arbitrator has found that abuse occurred. An interpretation that would permit an arbitrator to modify a termination in a patient abuse case would render this provision meaningless. Although the contract also states that no employee can be disciplined without just cause, a finding of patient abuse plainly meets the just cause requirement under this contract, given the unambiguous language of the abuse provision. Cf. *Georgia-Pacific Corp.* v. *Local 27, United Paperworkers Intl. Union* (C.A.1, 1988), 864 F. 2d 940, 945. ("The language in this agreement is unambiguous that once dishonesty is established, no further showing is required. In essence, dishonesty as a ground for immediate discharge is *per se* just cause.") In short, we find that the arbitrator exceeded his authority under the agreement by ignoring the agreement's plain meaning. We overrule defendant's first assignment of error.

In its second assignment of error, defendant argues that, even if the arbitrator misinterpreted the abuse provision, the arbitrator did not exceed his authority because he simply decided the issue that both parties had voluntarily submitted to him, *i.e.,* whether just cause for termination existed.

One Ohio court has found that an arbitrator has the authority to decide issues that are beyond his authority under the collective bargaining agreement, if both parties to the arbitration have agreed to submit the additional issues to the arbitrator. *Cleveland* v. *Assn. of Cleveland Fire Fighters* (1984), 20 Ohio App. 249, 253. However, even if the parties *could* have limited the arbitrator's decision to a determination of whether just cause existed, the parties' actual stipulated issue stated:

> "The stipulated issue in this grievance:

Whether the removal of Juliette Dunning was for just cause? If not, what shall the remedy be?"

Under this stipulation, the arbitrator's task would not end with a finding that the termination was without just cause. The arbitrator would also have to determine an appropriate remedy, in the course of which the arbitrator would necessarily address the "abuse" clause, since the clause limits the remedies that an arbitrator may order. We therefore find that stipulated issue before the arbitrator did not render the abuse provision inapplicable.

Defendant also contends in the second assignment of error that plaintiff should have appealed an earlier decision of the arbitrator in order to preserve the issue of the scope of the contract's just cause provision. Before rendering his decision on the validity of the employee's dismissal, the arbitrator issued a decision on October 31, 1987 interpreting the meaning of the term "abuse" in the contract. Defendant argues, that, by not appealing the award, plaintiff accepted it. Regardless of whether plaintiff accepted it, however, the arbitrator's first award determined only the meaning of the term "abuse." The award did not determine the scope of the just cause provision.

Based on the foregoing, we overrule defendant's second assignment of error.

Defendant's third assignment of error states that the court of common pleas violated the employee's due process rights by vacating the arbitration award. Although defendant asserts that the common pleas court violated due process, defendant's argument actually focuses on the actions of the employer. Defendant contends that the employer violated the employee's due process rights by not adequately notifying the employee of the specific charges against her.

Plaintiff, in contrast, argues that defendant has waived the due process issue by not raising it before the arbitrator or the common pleas court. In regard to presenting the due process issue to the arbitrator, the United States Supreme Court has indicated that an arbitrator "has no general authority to invoke public laws that conflict with the bargain between the parties." *Alexander* v. *Gardner-Denver Co.* (1974), 415 U.S. 36, 53. "[T]he arbitrator has authority to resolve only questions of contractual rights." *Id.* at 53-54. At least one state supreme court has held that arbitrators should not determine constitutional issues. See *McGrath* v. *State* (Minn. 1981), 312 N.W. 2d 438, 442. Under this view, a party may properly raise a constitutional claim for the first time upon judicial review of the arbitration award. *Id.*; *American Federation of State, County, and Municipal Employees Council 65* v. *Blue Earth County* (Minn. App. 1986), 389 N.W. 2d 244, 248. A party may also raise the constitutional issue in a legal action independent of the arbitration award. See *McDonald* v. *City of West Branch* (1984), 466 U.S. 284 (arbitrator's decision does not preclude a Section 1983, Title 42, U.S. Code, action). We conclude that, since an arbitrator's authority and expertise is limited to a determination of the parties' contractual rights, failure to raise the constitutional issue before the arbitrator does not, in itself, preclude judicial consideration of the issue.

Defendant, however, also did not present the due process argument to the common pleas court and the court was under no obligation to raise the issue itself. *State* v. *Awan* , 22 Ohio St. 3d 120, 122. Having failed to raise the issue before the common pleas court, defendant may not raise it for the first time on appeal. Accordingly, we overrule defendant's third assignment of error.

Based on the foregoing, we affirm the judgment of the common pleas court.

*Judgment affirmed.*

STRAUSBAUGH and GREY, JJ., Concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.