**OHIO OFFICE OF COLLECTIVE BARGAINING, Appellee,**

**v.**

**OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 11, AFSCME, Appellant.**

[Cite as *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME* (1990), 69 Ohio App.3d 546.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–332.

Decided Sept. 25, 1990.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Gregg H. Bachman*, for appellee.

*Brian J. Eastman*, for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Ohio Civil Service Employees Association, appeals from a judgment of the Franklin County Court of Common Pleas vacating an arbitrator's award pursuant to R.C. 2711.10(D). Defendant's single assignment of error states:

"The court of common pleas erred in vacating the arbitrator's award on the basis that the arbitrator exceeded her authority."

The Occupational Information Section of the Labor Market Information Division, Ohio Bureau of Employment Services ("OBES" or "employer"), posted a vacancy for the position of Statistician III. After interviewing sixteen applicants, including grievant Thomas, grievant Castle, and Karen Miller, OBES awarded the position to Miller, even though Castle and Thomas had seniority over Miller.

Defendant filed a grievance, alleging a violation of Section 17.05 of the collective bargaining agreement. Section 1705(A) states:

"The Agency shall first review the bids of the applicants from within the office, county or 'institution.' Interviews may be scheduled at the discretion of the Agency. The job shall be awarded to the qualified employee with the most state seniority unless the Agency can show that a junior employee is demonstrably superior to the senior employee."

In submitting the matter to arbitration, defendant stated the issue as:

"Did management violate Article 17.05 of the contract where it awarded the position of Statistician 3 to a junior employee?"

Plaintiff framed the issue:

"Did management violate Article 17.05 of the contract when it did not award the position of Statistician 3 to the most senior applicant?"

After a hearing, the arbitrator issued a report finding that OBES had improperly posted the position under Section 17.03 by inaccurately stating the qualifications necessary to the position. Declaring the posting invalid, the arbitrator found no need to address Section 17.05 or to determine if OBES complied with the provisions thereof. Instead, the arbitrator suggested as a remedy that Miller remain in the position of Statistician III; that the difference in salary between a Statistician II and a Statistician III for the time period between the date of Miller's promotion until the date of the arbitrator's award be divided equally between the grievants; that the salary of the most senior grievant be elevated to that of Statistician III until such time as she is promoted naturally to that position; and that a job audit be conducted of the Statistician III position in the Occupational Information Section.

Plaintiff appealed to the common pleas court, which referred the matter to a referee of that court. Finding that the arbitrator had failed to address the single issue submitted, the referee recommended that the arbitrator's award be vacated and that the matter be remanded for consideration and disposition of the sole issue the parties submitted. No objections were filed to the referee's report; the court adopted it, including the referee's recommendation.

Defendant appeals therefrom, presenting the single issue of whether the common pleas court erred in vacating the award pursuant to R.C. 2711.10, which, in part, states:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

" * * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In support thereof, defendant argues that Section 17.03 of the collective bargaining agreement was raised by implication in the issues the parties submitted, and thus properly was considered by the arbitrator. Section 17.03 of the agreement states:

"All vacancies within the bargaining units that the Agency intends to fill shall be posted in a conspicuous manner throughout the region, district or state as defined in Appendix J. Vacancy notices will list the deadline for application, pay range, class title and shift where applicable, the knowledge,

abilities, skills, and duties as specified by the position description. Vacancy notices shall be posted for at least ten (10) days.

"The Employer will cooperate with the Union to make job vacancies known beyond the required areas of posting."

By contrast, plaintiff argues that application of the phrase "demonstrably superior" was the sole matter to be decided by the arbitrator under the single issue submitted for arbitration, and that the arbitrator never reached nor resolved that single issue.

While defendant is correct to some degree, for the reasons that follow, we affirm the judgment of the trial court.

■ The single issue presented to the arbitrator was whether the employer had complied with Section 17.05 of the agreement. However, resolution of that issue required the arbitrator to determine first if the grievants were minimally qualified under Section 17.03. If the arbitrator found they were, then application of Section 17.05 necessarily followed. By contrast, if the arbitrator determined that the grievants were not minimally qualified, the case presented no need to address the application of Section 17.05. As a result, Section 17.03 by implication is at issue, cf. *Cleveland v. Assn. of Cleveland Fire Fighters* (1984), 20 Ohio App.3d 249, 20 OBR 311, 485 N.E.2d 792, unless plaintiff conceded that grievants herein were qualified.

Based on the evidence in her report, the arbitrator apparently felt that the employer was not conceding the grievants' minimal qualifications for the position of Statistician III. Specifically, the arbitrator noted the testimony of plaintiff's witnesses that the grievants were not familiar with sample theory statistics, which the witnesses considered necessary to the position of Statistician III. Inasmuch as the employer appeared to be contending that the grievants were not minimally qualified under Section 17.03, the arbitrator felt the need to interpret that section. Due to the employer's insistence that sample theory statistics was essential to the proper functioning of a Statistician III, even though it had not listed that requirement in posting the minimum requirements for the position, the arbitrator also found that the employer had improperly posted the position, and that Section 17.05 was therefore irrelevant.

■ While we agree with defendant's position that an employer cannot claim an applicant is unqualified based on minimum requirements not posted for the position, we nonetheless disagree with the arbitrator's analysis. The arbitrator decided only that the employer violated Section 17.03. However, violation of Section 17.03 does not necessarily result in violation of Section 17.05: the employer could award a posted position to the proper applicant

under Section 17.05 even if the posting contained some defect. Thus, the arbitrator's decision was not dispositive of the issue submitted by the parties.

The arbitrator "may not decline to consider a critical issue within the scope of the submission." R.C. 2711.10(D); *Cleveland Fire Fighters, supra,* at 254, 20 OBR at 316, 485 N.E.2d at 798. The arbitrator in this case failed to consider the very issue submitted by the parties. While the arbitrator properly may have interpreted Section 17.03 to determine the qualifications that "minimally qualified" and "demonstrably superior" applicants must possess, she should not have stopped short of determining if the employer violated Section 17.05. Instead, to the extent the employer disputed the grievants' qualifications and by implication raised Section 17.03, the arbitrator should have determined whether the grievants met the minimum requirements for the posted position.

Despite the fact that the employer apparently contested the minimum qualifications of the two grievants at the hearing before the arbitrator, the employer arguably conceded the grievants' minimal qualifications by virtue of the issue framed for arbitration. However, to the extent such a concession is not implicit in the employer's stated issue, the employer concedes on appeal that the grievants were minimally qualified under the posted minimum requirements.

Defendant contends, however, that the Section 17.03 posting requirements are at issue even if the employer concedes the grievants' minimal qualifications because only the posted requirements may be considered in determining whether a junior employee is demonstrably superior, and that a junior employee cannot be demonstrably superior based on additional, unposted qualifications, but instead must have superior qualifications in an area identified by the posting. We disagree. The arbitrator may interpret and apply Section 17.03 to determine whether additional, unposted qualifications may be considered in evaluating the relative qualifications of senior and junior employees, and whether the qualifications on which the employer relied to show that a junior employee was demonstrably superior actually were part of the posted requirements.

Again, however, the arbitrator's determination only that the employer violated Section 17.03 is not dispositive of the Section 17.05 question submitted to her. The arbitrator must interpret the phrase "demonstrably superior" in light of the Section 17.03 qualification factors once she has determined that a senior employee is minimally qualified. Since the employer now concedes the grievants' minimum qualifications, the arbitrator's task is limited to application of the phrase "demonstrably superior" to the Section 17.03 qualifications herein. The arbitrator having failed to reach that dispositive issue, we find

that the trial court did not err in recognizing that fact, vacating the arbitrator's award, and remanding for determination of the issue presented for her resolution.

Finally, we note the somewhat anomalous award of the arbitrator. An arbitrator's award is legitimate "only so long as it draws its essence from the collective bargaining agreement." *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 520, 71 O.O.2d 509, 511, 330 N.E.2d 703, 707, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303 (quoting *United Steelworkers of America v. Enterprise Wheel & Car Co.* [1960], 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428). As the Supreme Court has noted in *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872:

"An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *Id.* at paragraph one of the syllabus.

Despite the deference afforded an arbitrator's choice of remedy, see *id.,* we question whether this particular award bears a rational nexus to the collective bargaining agreement. Assuming that no junior employee is shown to be demonstrably superior, only the more senior qualified applicant would be entitled to the posted position. The arbitrator nevertheless awarded money damages to both senior applicants. However, because we affirm the trial court's judgment vacating the arbitrator's award, thus rendering speculative the remedy to be applied on remand, we decline to determine this issue not addressed specifically in the trial court or raised as an issue on cross-appeal.

Given the foregoing, we overrule defendant's single assignment of error and affirm the judgment of the common pleas court.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.