OPINION
{¶ 1} Appellant Mahoning County Department of Job and Family Services (MCDJFS) appeals the decision of the Mahoning County Common Pleas Court, which granted summary judgment in favor of appellee International Brotherhood of Teamsters, Local 377 and thereby upheld the decision of the arbitrator that MCDJFS sought to have vacated. MCDJFS claims the arbitrator's award should have been vacated because it turns a non-union management position at the Department of Human Services (DHS) into a union position. MCDJFS states that this exceeds the arbitrator's power since the collective bargaining agreement only applies to the Child Support Enforcement Agency (CSEA) division of MCDJFS. For the following reasons, the arbitrator's decision is reversed because it does not draw its essence from the collective bargaining agreement as it makes a decision on a subject not submitted for arbitration under the agreement.
 STATEMENT OF THE CASE {¶ 2} Sandy Rossi was a reception supervisor at CSEA. On July 12, 2000, CSEA and the union agreed that, effective July 16, 2000, Ms. Rossi would assume additional job responsibilities as the mail room supervisor, be reclassified as a Level 2 Supervisor, and receive a pay increase. Both the old and new positions were union positions under a collective bargaining agreement between CSEA and the union, effective July 1, 2000 through June 30, 2003.
 {¶ 3} On September 12, 2000, the Deputy Director of MCDJFS met with a union steward to discuss a further expansion of Ms. Rossi's duties by having her work part-time at CSEA in her new position and part-time at DHS as a supervisor. In response to the union's query about a pay increase, the Deputy Director allegedly stated, "don't complain about an increase, you just gained another job in the Teamsters Union." Ms. Rossi began her new position on September 25, 2000. We note that both agencies were divisions of MCDJFS, but the collective bargaining agreement was only between the union and CSEA.
 {¶ 4} On April 12, 2002, the Director of MCDJFS sent a letter to the union steward to advise her that Ms. Rossi's position would no longer be combined because it was decided that a part-time employee of a division should not be supervising full-time employees. Ms. Rossi was thus to return to her full-time supervisory position at CSEA with no consequences besides the lack of DHS duties. However, this meant that the position at DHS would be filled by a full-time supervisor who was not a member of the Teamsters. Notably, Ms. Rossi had applied for the position and was one of eight finalists when she filed a grievance based on the September 12, 2000 "agreement" with the Deputy Director of MCDJFS.
 {¶ 5} The grievance was heard by an arbitrator on October 10, 2002. The arbitrator decided various issues in favor of Ms. Rossi and the union in a seventeen-page decision signed on November 1, 2002. First, the arbitrator addressed the claim that the dispute is not covered by the grievance procedure in the collective bargaining agreement. MCDJFS argued that it is up to SERB to designate the appropriate unit under R.C. 4117.06. The arbitrator cited Article 11, Sec. 1C of the collective bargaining agreement, which states that if the inclusion or exclusion from a bargaining unit is disputed, the dispute shall be taken to an arbitrator.
 {¶ 6} Second, the arbitrator addressed MCDJFS's claim that the position is supervisory under R.C. 4117.01 and therefore cannot be in the bargaining unit. The arbitrator found as a factual matter that Ms. Rossi's position did not meet the statutory definition of supervisor because the evidence established that she was unable to exercise independent authority and judgment.
 {¶ 7} Third, the arbitrator responded to MCDJFS's argument that the Deputy Director had no authority to make a deal that placed a DHS position in the Teamsters' bargaining unit. The Director testified that she was aware that Ms. Rossi was splitting her time between CSEA and DHS, but she was unaware that the Deputy Director made any kind of agreement with the union. The union countered with their steward's notes of the meeting, which states that placing the position in the bargaining unit was quid pro quo for Ms. Rossi's acceptance of the new position without a pay increase. The arbitrator states, "Absent any written agreement, the Arbitrator believes that a bona fide representative of the Agency made an offer to Rossi that she accepted in good faith. Therefore, the conclusion must be that regardless of whether [the Deputy Director] overstepped his authority, the Agency must live up to his agreement (promise) to Rossi and Local 377."
 {¶ 8} Next, the arbitrator addressed the argument that Ms. Rossi was not treated as an employee of both DHS and CSEA because joint employees get paid from both sources but Ms. Rossi was only paid by CSEA. MCDJFS claimed that this established that Ms. Rossi's transfer was temporary. The arbitrator disbelieved any suggestion that the position was meant to be temporary at the time and decided the pay source issue was probably "a bureaucratic mix-up." Finally, the arbitrator discarded a claim that Ms. Rossi's position was customer service supervisor rather than officer manager.
 {¶ 9} In his conclusory remarks, the arbitrator cited Article 11, Section 1(E) of the collective bargaining agreement, which provides: "Negotiated changes in positions and/or negotiated status of new positions shall be submitted to the State Employment Relations Board (SERB), pursuant to Joint Petition for Unit Clarification and/or Amended Certification of such changes if necessary and Memorandum of Understanding to the Agreement shall be executed."
 {¶ 10} MCDJFS responded by filing a motion under R.C. 2711.13
asking the trial court to vacate the arbitrator's decision. Specifically, MCDJFS focused on the following concluding language, "Award: Sandra Rossi shall continue in her duties with both the CSEA and the DHS and a memorandum of understanding of her position shall be executed by the parties." The complaint argued that the arbitrator exceeded its power by turning a formerly non-union management position into a union position in violation of the collective bargaining agreement which only applied to CSEA employees.
 {¶ 11} Both parties filed motions for summary judgment in the trial court. On April 2, 2002, the trial court denied MCDJFS's motion for summary judgment and granted summary judgment in favor of the union. Timely notice of appeal followed.
 ASSIGNMENT OF ERROR {¶ 12} MCDJFS [hereinafter appellant] sets forth the following assignment of error:
 {¶ 13} "When an arbitrator exceeds his power, the arbitral award shall be vacated. the arbitrator's award did not draw its essence from the collective bargaining agreement. Therefore, the arbitrator exceeded his power, and the arbitral award must be vacated."
 {¶ 14} Appellant argues that the arbitrator reached beyond the collective bargaining agreement to capture a management position in another division. Appellant notes that the collective bargaining agreement only applies to CSEA, not DHS. In fact, DHS employees are represented by a union other than the Teamsters. Appellant contends that the arbitrator exceeded his power and made an award that does not draw its essence from the collective bargaining agreement when he imposed upon appellant additional requirements, which are not expressed in the agreement. Appellant believes that the arbitrator made a decision to enforce some oral understanding based on his own principles of fairness without realizing that the award is not rationally supported by or derived from the terms of the agreement providing for arbitration.
 {¶ 15} Appellee counters by citing the portion of the collective bargaining agreement, which states in part:
 {¶ 16} "If the inclusion or exclusion from the Bargaining Unit of a position is in dispute, the position will be in the Bargaining-Unit until determined otherwise. Should an impasse be reached in any dispute relative to the inclusion or exclusion of a position in the Unit and/or the appropriate wage and job description for that position, the dispute shall be taken to Arbitration and the Arbitrator's decision on the disputed issues shall be final and binding." Art. 11, Sec. 1C.
 {¶ 17} Appellee argues that the dispute here was whether the parties agreed to include a new position in the bargaining unit and that the arbitrator was within his power to find that appellant should be held to the statements of its agent with regards to the position. Appellee further claims that the above-quoted article from the CSEA collective bargaining agreement gave the arbitrator authority to order Ms. Rossi's part-time DHS position into the Teamsters Union and force the parties to file a notice of such change with SERB. Appellee concludes that the terms of the agreement are subject to a reasonable interpretation in the manner enforced by the arbitrator.
 LAW ANALYSIS {¶ 18} Pursuant to R.C. 2711.10(D), the court shall vacate an arbitration award if the arbitrator exceeded his powers. The court can modify or correct the award if the arbitrator awarded upon a matter not submitted (unless such matter does not affect the merits of the decision). R.C. 2711.11(B). Consequently, one must decide whether the arbitrator's decision was on a subject submitted for review under the terms of the contract providing for arbitration, which would be the collective bargaining agreement in this case. See State Farm Mut. Ins.Co. v. Blevins (1990), 49 Ohio St.3d 165, 167 ("The arbitrator has no authority to decide issues which, under their agreement, the parties did not submit to review"). The arbitrator is thus bound by the terms of a collective bargaining agreement. See Id.
 {¶ 19} On the other hand, the courts do not review claims of factual or legal error by an arbitrator as an appellate court typically does. Southwest Ohio Reg. Transit Auth. v. Amalgamated Transit Union,Local 627 (2001), 91 Ohio St.3d 108, 110. Based upon the parties' agreement to submit to arbitration, the arbitrator's interpretation of the contract is binding and not appealable. Id.
 {¶ 20} Hence, our review is limited to determine whether the award was unlawful, arbitrary, or capricious and whether the award draws itsessence from the collective bargaining agreement. Id. "An award draws its essence from the CBA [collective bargaining agreement] when there is a rational nexus between the CBA [collective bargaining agreement] and the award." Id. We must ask then whether the arbitrator's award rationally flows from the terms of the collective bargaining agreement. MahoningCty. Bd. of Mental Retardation v. Mahoning Cty. TMR Educ. Assn. (1986),22 Ohio St.3d 80, 84.
 {¶ 21} Although the arbitrator has broad power, that power must be derived from the parties' arbitration agreement. See Goodyear Tire Rubber Co. v. Local Union No. 200 (1975), 42 Ohio St.2d 516, 519, citingUnited Steel Workers of America v. Enterprise Wheel Car Corp. (1960),363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (cautioning that an arbitrator does not sit to dispense his or her own brand of industrial justice). It is the court's decision as to whether the arbitration agreement covers the dispute at issue. See Council of SmallerEnt. v. Gates, McDonald Co. (1998), 80 Ohio St.3d 661, 665-666.
 {¶ 22} These premises are encompassed in the language of the collective bargaining agreement as well. The agreement generally provides that "[t]he Arbitrator shall have no power or authority to add to, subtract from, or in any manner alter the specific terms of the Agreement, or to make any award requiring the commission of an act prohibited by law or to make any award that itself is contrary to the law or violates any of the terms and conditions of this Agreement." Art. 35, Sec. 3A. The agreement also defines grievance as "a dispute or controversy arising from the misapplication or misinterpretation of the specific and express written provisions of this Agreement." Art. 35, Sec. 1B.
 {¶ 23} The collective bargaining agreement in this case relates to CSEA employees and their rights in the Teamsters Union. See Art. 1, Sec. 1 and Sec. 2. The collective bargaining agreement does speak of arbitration where a position status is in dispute. Art. 11, Sec.1C. Moreover, this language refers to a dispute to include or exclude a CSEAposition from the bargaining unit, not any county position.
 {¶ 24} If Ms. Rossi's part-time CSEA position was the subject of the dispute, then the arbitration clause would clearly apply. Here, the subject of the dispute is her part-time DHS position. Such subject matter was not submitted to the arbitrator by the parties through the DHS collective bargaining agreement. Accordingly, the arbitrator exceeded the scope of his power and acted in a manner which fails to draw its essence from the relevant collective bargaining agreement. To hold otherwise would result in one employee of DHS being subject to the collective bargaining unit while the rest of DHS employees were subject to a different collective bargaining unit. As such, appellant's assignment of error is found to have merit.
 {¶ 25} For the foregoing reasons, the decision of the trial court is hereby reversed.
Donofrio, J., Concurs.
DeGenaro, J., Concurs.