{¶ 32} Because I believe that the trial court improperly vacated the arbitrator's award, I respectfully dissent.
 {¶ 33} The Ohio Supreme Court has noted that "[t]he whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award."[10] Moreover, once a violation of a collective-bargaining agreement is found, "an arbitrator is presumed to possess implicit remedial power, unless the agreement contains restrictive language withdrawing a particular remedy from the jursdiction of the arbitrator."[11]
 {¶ 34} I do not believe that we should substitute our judgment for that of the arbitrator. The arbitrator appropriately based his modification of Spellen's discipline upon the city's own disciplinary Matrix. Therefore, I do not believe that the arbitrator exceeded his authority under the collective-bargaining agreement, and I would reverse the decision of the trial court.
[10] Mahoning Cty. Bd. of Mental Retardation Dev. Disabilities v.Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 83-84, 488 N.E.2d 872.
[11] Queen City Lodge No. 69, supra, at syllabus.