**COMMUNITY MEMORIAL HOSPITAL, Appellee,**

v.

**MATTAR, Appellant.**

[Cite as *Community Mem. Hosp. v. Mattar*, 165 Ohio App.3d 49, 2006-Ohio-25.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1049.

Decided Jan. 6, 2006.

50

William H. Heywood III, Steven L. Jackson, and Shannon K. Reed, for appellee.

Terry J. Lodge, for appellant.

SINGER, Judge.

{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas in an appeal from an arbitration decision. Because we conclude that the trial court properly vacated the arbitration decision and award, we affirm.

{¶ 2} Appellant, Dr. Ahmed Mattar, sought review of his termination of employment by appellee, Community Memorial Hospital ("CMH"), located in Defiance County, Ohio. In May 2001, Mattar was employed under a physician-employment agreement to provide patient services at a clinic operated by CMH in Harlan, Indiana. CMH terminated Mattar "for cause" on June 11, 2003, specifically stating that the doctor had violated the agreement because of his "(1) * * * waiver of patient co-payments and/or deductibles in violation of Hospital policy and federal law" and "(2) * * * direction to licensed nursing staff to perform duties outside of their scope of practice in performing radiological studies in violation of Hospital policy, and State and Federal law." Despite the termination "for cause," CMH offered appellant a 180–day severance payment, which appellant rejected.

{¶ 3} Appellant appealed his termination pursuant to the arbitration clause in the agreement, which directed the parties to the Toledo Bar Association's alternative-dispute-resolution program. An arbitrator chosen through this program conducted a hearing on October 17, 2003, in Harlan, Indiana. After multiple time extensions, the arbitrator issued his decision on March 8, 2004. The arbitrator essentially found that appellant had, in fact, breached the agreement by violating federal law when he offered to accept or accepted insurance-only payments for services and by violating CMH policies regarding the collection of bills.

{¶ 4} Nevertheless, the arbitrator determined that these violations were not the sole reason for Mattar's discharge. The arbitrator found that CMH had also terminated Mattar's employment for economic reasons—i.e., to reduce money losses due to Mattar's practice. The arbitrator concluded that, absent the hospital's financial considerations, CMH would not have discharged Mattar for the agreement violations.

{¶ 5} The arbitrator found that even though Mattar had breached the agreement, he was terminated "without cause." Under the "without cause" terms of the agreement, the arbitrator awarded appellant 180 days of severance pay, but reduced it to 120 days because of appellant's violations. The arbitrator stated that since other staff employees had been only temporarily suspended for their actions pertaining to the violations, CMH should have imposed the same 60–day suspension without pay sanction against Mattar.

{¶ 6} Appellee then applied to the Lucas County Court of Common Pleas to have the arbitration award vacated or modified. Appellee first argued that it was not bound by the decision, because the arbitrator had lost jurisdiction by the delay in issuing his decision. The court found that the arbitrator had not lost jurisdiction, because there was no specific time limit for issuing the decision.

Appellee also argued that the arbitrator had exceeded the scope of his authority in his interpretation of the contract and the fashioning of a remedy.

{¶ 7} Appellant opposed the application, arguing that the common pleas court had no jurisdiction because the arbitration was conducted in Indiana. Appellant alternatively argued that the arbitrator's decision and award were within the scope of his authority.

{¶ 8} The court overruled appellant's challenge to its jurisdiction and ultimately vacated the arbitration award. The court determined that the arbitrator exceeded the scope of his authority by going beyond the essence of the contract language. The court stated that the contract terms clearly permitted the immediate termination of Mattar should he violate CMH policies, including billing and charging procedures. In addition, the court stated that even if this had not been the sole reason for Mattar's discharge, nothing in the contract imposed such an additional restriction on CMH's ability to terminate the agreement. Therefore, the court found that the arbitrator had improperly added terms to the agreement that were not contemplated by the parties and were not within the "essence of the contract." Having vacated the award, the court then denied appellee's application to modify the award.

{¶ 9} Appellant now appeals from that judgment, arguing the following two assignments of error:

{¶ 10} *"Assignment of Error No. 1:*

{¶ 11} "It was error for the common pleas court to rule that the arbitrator's consideration of factual and legal defenses to the claimed breach of contract exceeded the scope of the arbitrator's authority.

{¶ 12} *"Assignment of Error No. 2:*

{¶ 13} "It was error for the trial court to consider challenges to the authority of the arbitrator when the Appellee was estopped from making such challenges and caused the error."

I

{¶ 14} In his first assignment of error, appellant argues that the trial court erred in ruling that the arbitrator exceeded the scope of his authority by allegedly adding terms that modified the contract beyond the intent of the parties.

{¶ 15} Ohio law favors and encourages arbitration. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 488 N.E.2d 872. Consequently, arbitration awards are generally presumed valid. See *Findlay City School Dist. Bd. of Edn. v. Findlay*

*Edn. Assn.* (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186. The scope of a judicial review of binding-arbitration proceedings is limited. See *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1975), 42 Ohio St.2d 516, 522, 71 O.O.2d 509, 330 N.E.2d 703.

{¶ 16} "[T]he arbitrator is the final judge of both law and facts, and * * * an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable." Id. Likewise, absent any evidence of material mistake or extensive impropriety, an appellate court cannot extend its review to the substantive merits of the award but is limited to a review of the trial court's order. *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 224, 16 OBR 238, 475 N.E.2d 181; *Stanquist v. Horst* (May 20, 1994), 11th Dist. No. 93–A–1804, 1994 WL 228180; *Hacienda Mexican Restaurant v. Zadd* (Dec. 10, 1993), 11th Dist. No. 92–L–108, 1993 WL 548066.

{¶ 17} R.C. 2711.10 sets forth the perimeters of the trial court's review. A trial court may vacate an arbitration award only if:

{¶ 18} "(A) The award was procured by corruption, fraud, or undue means.

{¶ 19} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

{¶ 20} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

{¶ 21} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 22} To determine whether an arbitrator has exceeded his scope of authority, a trial court must determine whether the arbitrator's award draws its essence from the collective bargaining agreement. See *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71. "An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful." *Findlay City School Dist.*, 49 Ohio St.3d at 132, 551 N.E.2d 186, citing *Mahoning Cty. Bd.*, 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus. Once this has been established, a reviewing court can vacate the award pursuant to R.C. 2711.10(D) only if the award does

not rationally flow from the terms of the agreement. *Mahoning Cty. Bd.,* 22 Ohio St.3d at 84, 22 OBR 95, 488 N.E.2d 872.

{¶ 23} In this case, although the arbitrator determined that Mattar had, in fact, committed violations that constituted a breach of his agreement with CMH, the arbitrator then found that Mattar's discharge was "without cause." Our careful review of the agreement shows that termination of employment for the violations committed by Mattar were at the discretion of CMH. Nothing in the agreement specifically provides for a suspension or requires that the violations be the sole cause for termination. Although nondoctor staff members may have been only suspended, there is nothing in the record to show that doctors and staff were covered by the same contract terms. Moreover, even presuming that economic considerations contributed to Mattar's discharge, the two violations found by the arbitrator were enough to justify his termination under the agreement. We agree with the trial court that the arbitrator imposed an additional requirement that was not a term of the contract, and his decision and award were not based upon the essence of the contract language. Therefore, the trial court properly vacated the award.

{¶ 24} Accordingly, appellant's first assignment of error is not well taken.

## II

{¶ 25} In his second assignment of error, appellant contends that the trial court erred in considering challenges to the arbitrator's authority because appellee failed to object to the admission of information upon which the arbitrator relied. Appellant appears to be arguing that because appellee permitted testimony that was irrelevant to whether he breached the agreement, appellee could not challenge the legal conclusions issued by the arbitrator.

{¶ 26} A party who fails to object to the scope of the issues to be determined by an arbitration waives the right to object to the scope of the arbitration in an appeal of the arbitration decision to the common pleas court. See *Fostoria v. Ohio Patrolmen's Benevolent Assn.,* 106 Ohio St.3d 194, 2005-Ohio-4558, 833 N.E.2d 720, at ¶ 18. Nevertheless, when evidence is admitted that is irrelevant to the ultimate issue, a waiver of objection to such evidence is also irrelevant and nonprejudicial. See, for example, *Cleveland Thermal Energy Corp. v. Cleveland Elec. Illum. Co.,* 8th Dist. No. 80312, 2002-Ohio-3904, 2002 WL 1767400; *Nationwide Mut. Ins. Co. v. Sams* (June 9, 1989), 6th Dist. No. E–88–27, 1989 WL 61722.

{¶ 27} In this case, the trial court did not find that the arbitrator's decision included issues beyond the scope of the arbitration. Rather, the court properly determined that the arbitrator exceeded his authority because the decision and

award did not draw their essence from the contract language. In light of our disposition of appellant's first assignment of error, the "economic reasons" defense evidence simply became irrelevant to the ultimate issue, i.e., whether, under the terms of the agreement, CMH was permitted to terminate Mattar's employment based upon violations of the agreement. Even if appellee had waived any objections to the evidence submitted regarding appellant's defenses, the arbitrator was still bound to consider only relevant facts and applicable law when interpreting the agreement and fashioning a remedy. Once the arbitrator found that appellant had, in fact, committed violations that were "just cause" for termination under the agreement, absent proof of constitutionally protected rights or class discrimination, any other reason offered becomes irrelevant. No constitutionally protected right exists against termination for "economic reasons." Therefore, we conclude that appellant's argument as to appellee's waiver of any objections to the admission of appellant's defenses or other claims is without merit.

{¶ 28} Accordingly, appellant's second assignment of error is not well taken.

{¶ 29} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

PIETRYKOWSKI and SKOW, JJ., concur.