[Cite as *Ashtabula v. Fraternal Order of Police, Ohio Labor Council*, 2020-Ohio-6677.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF ASHTABULA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0027** |
| FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CV 0505.

Judgment: Reversed and remanded.

*Frank H. Scialdone* and *David M. Smith,* Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Plaintiff-Appellee).

*Michael W. Piotrowski,* FOP, Ohio Labor Council, Inc., 2721 Manchester Road, Akron, OH 44319 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Fraternal Order of Police, Ohio Labor Council, Inc. (the "Union"), appeals the April 20, 2020 judgment of the Ashtabula County Court of Common Pleas granting appellee's, City of Ashtabula (the "City"), motion to vacate the arbitration award issued June 29, 2018 and denying the Union's motion to confirm. For the reasons set forth herein, the judgment is reversed and remanded.

{¶2}    Robert Wolford was a police officer with the City of Ashtabula Police Department, though he had not been working as a police officer for several years when his employment was terminated on February 23, 2017.  Mr. Wolford filed a grievance on March 2, 2017, stating he was grieving his "unpaid leave."  There is no dispute that this grievance was timely filed pursuant to the terms of the collective bargaining agreement ("CBA") and despite stating "unpaid leave," the parties clearly understood that he grieved his termination; the grievance did not, however, contain the specific section number of the provision allegedly violated, as required by the CBA's grievance procedures.

{¶3}    The grievance was denied the same day, and a hearing was set for March 20, 2017.  On March 17, 2017, realizing it failed to cite the specific section number of the provision violated, the Union attempted to amend the grievance to correct the deficiency.  The amended grievance did not change the subject matter of the initial grievance.  The amendment was submitted, however, after the deadline to file a grievance under the CBA.  At the hearing, the City Manager denied the grievance as untimely filed, and found it did not comply with the requirements of a grievance under the contract.

{¶4}    The Union then initiated the arbitration process, which was initially limited, upon agreement of the parties, to the issue of arbitrability.  The arbitrator found the grievance amendment did not alter the date of the initial filing, and that the grievance was not defective, did not modify the subject matter being grieved, and should be heard on its merits; i.e. the grievance was arbitrable.

{¶5}    The City applied to the Ashtabula County Court of Common Pleas requesting the award be vacated, and the Union moved for a confirmation of the award.  The trial court vacated the arbitrator's award, finding an amended grievance must still

2

comply with the time requirements for filing a grievance as stated in the CBA, and finding the arbitrator exceeded the scope of his authority by holding otherwise.

{¶6} The Union now appeals, assigning one error for our review, which states:

{¶7} The trial court erred in vacating the award of Arbitrator Nowell pursuant to Ohio Revised Code §2711.10(D).

{¶8} R.C. 2711.09 permits any party to an arbitration to apply to the court of common pleas for an order confirming the award at any time within one year after an award in an arbitration proceeding is made. Pursuant to R.C. 2711.10, "the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if * * * (D) [t]he arbitrators exceeded their powers * * *." *Id.*

{¶9} Our review in this matter "is confined to the order issued by the common pleas court confirming, modifying, vacating or enforcing the award, and we review the trial court's order confirming or vacating the arbitration decision for errors occurring as a matter of law." *Portage Cty. Bd. of Developmental Disabilities v. Portage Cty. Educators' Assn. for Developmental Disabilities*, 11th Dist. Portage No. 2016-P-0032, 2017-Ohio-888, ¶13. "Our review is not, however, a de novo review of the merits of the dispute as presented to the arbitrator. Instead, we review the trial court's decision de novo to determine whether any of the limited grounds contained in R.C. 2711.10 regarding a motion to vacate exist." *Developmental Disabilities, supra* (overruling this district's prior decisions holding the standard of review in arbitration appeals is for abuse of discretion).

{¶10} "The arbitrator is the final judge of both law and facts and we may not substitute our judgment for that of the arbitrator." *Madison Local School Dist. Bd. of Edn. v. OAPSE/AFSCME Local 4, AFL-CIO*, 11th Dist. Lake No. 2008-L-086, 2009-Ohio-1315, ¶9, citing *The Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork,*

3

*Linoleum, and Plastic Workers of America*, 42 Ohio St.2d 516, 522 (1975). "An arbitrator's decision is presumed valid and thus enjoys great deference." *Madison, supra,* citing *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83-84 (1986). "Judicial deference in arbitration cases is fundamentally based on the recognition that the parties have contracted to have their dispute settled by an arbitrator they have chosen in lieu of committing the matter to the courts." *Madison, supra,* at ¶10. "It follows that the request for judicial intervention should be resisted even where the arbitrator has ostensibly made '"serious," "improvident" or "silly" errors in resolving the merits of the dispute.'" *Madison, supra,* at ¶12, quoting *Michigan Family Resources, Inc. v. Service Employees Internatl. Union Local 517M* (C.A.6, 2007), 475 F.3d 746, 753, citing *United Paperworkers Internatl. Union v. Misco, Inc.*, 484 U.S. 29, 36-38, 108 S.Ct. 364 (1987). "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,* * * *'" a court may not vacate the arbitrator's determination." *Madison, supra,* quoting *Misco, supra,* at ¶38.

{¶11} An arbitrator's award must be crafted from the essence of the collective bargaining agreement and must not be unlawful, arbitrary, or capricious. *Madison, supra,* at ¶13. "An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Employees Assn., Local 11, AFSCME, AFL-CIO*, 59 Ohio St.3d 177 (1991), syllabus.

4

{¶12} In the absence of language to the contrary, the arbitrator here determined that an amended grievance, which did not change the subject matter being grieved, was arbitrable. In doing so, he read the CBA and compared it to other agreements, noting that the CBA at issue could have used stricter language if the intention was to prohibit or limit amendments. He also reasoned:

{¶13} Amending a grievance does not mean starting over, submitting a new grievance. Unless the collective bargaining agreement prohibits the amending of a grievance following the initial step(s) of the Grievance Procedure, bringing forward an amendment is generally an acceptable practice as long as the subject matter itself is not modified. Nevertheless, arbitrators may not recognize an amendment made at the arbitration step which has been brought forward following completion of the various steps of the grievance procedure. This is not the case here.

{¶14} The trial court's review was limited to whether the arbitrator's award deviated from the essence of the CBA by either expressly conflicting with a term of the CBA or was without rational support from the terms of the agreement. The trial court, however, focused its analysis on the merits of the arbitrability of the grievance, instead of whether the arbitrator's award was crafted from the essence of the CBA, stating:

{¶15} The Court finds and concludes that an amended grievance must still comply with the time requirements for filing a grievance as stated in the collective bargaining agreement. * * * The collective bargaining agreement is clear and unambiguous as to when a grievance can be filed. The arbitrator's award overlooks the clear, unambiguous language in the collective bargaining agreement setting a fourteen day time period in which to file a grievance. Amending a grievance after the time period prescribed can be used as a way to circumvent the clear intention of the collective bargaining agreement as written. * * * The grievance filed by Mr. Wolford was not arbitrable, as it was untimely filed and did not conform to the grievance procedure. The Court finds and concludes there is merit in the City's argument that the arbitrator exceeded his authority as designated in R.C. 2711.10.

{¶16} However, the CBA contains no terms regarding the amendment of grievances; thus, it cannot be said that the award contradicts "clear, unambiguous

5

language" in the CBA. There is no dispute that the initial grievance was timely filed, the question was whether the amendment related back to the time of the filing of the initial grievance, a matter which the CBA does not address. Thus, this was a matter of interpretation of the grievance filing procedures set forth in the CBA and within the purview of the arbitrator.

{¶17} Moreover, while it is possible to imagine a scenario in which amending a grievance after the prescribed time period could be used to circumvent the clear intention of the CBA, there was no indication that was the intention here. Indeed, the Chief of Police, who reviewed and denied the initial grievance, testified that he knew what was being grieved when the initial grievance was filed, and that there was no other imposed discipline to be grieved at that time. Additionally, the Union has not changed their argument as to what event was being grieved. Thus, the amended grievance was not attempting to create a new grievance circumventing the deadline but clarifying and correcting the same subject matter of the initial grievance.

{¶18} Accordingly, we conclude the trial court erred by substituting its judgment for the judgment of the arbitrator and finding he exceeded the scope of his authority.

{¶19} The judgment of the Ashtabula County Court of Common Pleas is reversed and remanded.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

6